1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

10    KNOLTS HUTCHINSON,                    No.  2:13-cv-00620-MCE-AC

11              Plaintiff,

12         v.                               **MEMORANDUM AND ORDER**

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND
14    REHABILITATION, et al.,

15              Defendants.

16

17        Plaintiff Knolts Hutchinson ("Plaintiff"), an inmate housed by the California

18    Department of Corrections and Rehabilitation ("CDCR"), initiated this action against the

19    CDCR, the State of California, and two state officials, Vimal Singh (a warden) and M.

20    Scott (a correctional officer), alleging violations of the Americans with Disabilities Act

21    ("ADA"), the Rehabilitation Act and both California's Unruh Civil Rights Act ("Unruh Act")

22    and its Disabled Persons Act ("CDPA").  Defendants have now moved to dismiss

23    Plaintiff's state claims arguing that Plaintiff failed to file a claim under California's

24    Government Claims Act ("GCA") and that Defendants are immune under the Eleventh

25    Amendment in any event.  For the following reasons, Defendants Motion is granted with

26    leave to amend.[1]

27    _____

28         [1] Because oral argument will not be of material assistance, the Court ordered this matter
      submitted on the briefs.  E.D. Cal. Local R. 230(g).

1
2

**BACKGROUND**

3   Plaintiff is a paraplegic who uses a wheelchair.  Given his physical limitations,

4   Plaintiff is entitled to a lower bunk of the first floor of his institution, to wheelchair-

5   accessible paths of travel, and to an elevator pass.  According to Plaintiff's Complaint,

6   prison officials removed an ADA-compliant locker during his incarceration and failed to

7   properly secure the replacement locker they provided.  Plaintiff alleges that, among other

8   things, when he attempted to use his non-compliant locker, it tumbled over, fell on top of

9   him and trapped him beneath his wheelchair and the locker for over an hour.  Plaintiff

10   thus initiated this action seeking damages from the State, one of its departments and

11   two individual state officials in their official capacities.  Presently before the Court is

12   Defendants' Motion to Dismiss Plaintiff's state claims under Federal Rule of Civil

13   Procedure 12(b)(1)[2] on the basis that Defendants are entitled to sovereign immunity.

14   Defendants further contend that dismissal is also proper under Rule 12(b)(6) because

15   Plaintiff failed to state a claim upon which relief can be granted given his failure to

16   comply with the GCA.

17
18

**STANDARD**

19
20   **A.      Dismissal for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)**

21
22   Federal courts are courts of limited jurisdiction, and are presumptively without

23   jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

24   377 (1994).  The burden of establishing the contrary rests upon the party asserting

25   jurisdiction.  Id.

26   ///

27   [2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
otherwise noted.

28

2

1   Because subject matter jurisdiction involves a court's power to hear a case, it can never

2   be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly,

3   lack of subject matter jurisdiction may be raised by either party at any point during the

4   litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure

5   12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of

6   Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of

7   subject matter jurisdiction may also be raised by the district court sua sponte.  Ruhrgas

8   AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts . . . have an

9   independent obligation to determine whether subject matter jurisdiction exists, even in

10  the absence of a challenge from any party."  Arbaugh, 546 U.S. at 514; see also

11  Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter

12  jurisdiction is lacking).

13        There are two types of motions to dismiss for lack of subject matter jurisdiction: a

14  facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,

15  594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

16  allegations of jurisdiction contained in the nonmoving party's complaint, or may

17  challenge the existence of subject matter jurisdiction in fact, despite the formal

18  sufficiency of the pleadings.  Id.  In the case of a factual attack, "no presumptive

19  truthfulness attaches to plaintiff's allegations."  Id. (internal citation omitted).  The party

20  opposing the motion has the burden of proving that subject matter jurisdiction does exist,

21  and must present any necessary evidence to satisfy this burden.  St. Clair v. City of

22  Chico, 880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional

23  facts are challenged by the adversary in the appropriate manner, "the plaintiff 'cannot

24  rest on the mere assertion that factual issues can exist.'"  Trentacosta v. Frontier Pac.

25  Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of

26  Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the

27  district court may review any evidence necessary, including affidavits and testimony, in

28  order to determine whether subject matter jurisdiction exists.

1 | McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.

2 | If the nonmoving party fails to meet its burden and the court determines that it lacks

3 | subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

4 |      When a party makes a facial attack on a complaint, the attack is unaccompanied

5 | by supporting evidence, and it challenges jurisdiction based solely on the pleadings.

6 | Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

7 | dismiss constitutes a facial attack, the court must consider the factual allegations of the

8 | complaint to be true, and determine whether they establish subject matter jurisdiction.

9 | Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

10 | 2003).  In the case of a facial attack, the motion to dismiss is granted only if the

11 | nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.

12 | However, in the case of a facial attack, district courts "may review evidence beyond the

13 | complaint without converting the motion to dismiss into a motion for summary judgment."

14 | Safe Air for Everyone, 373 F.3d at 1039.

15 |

16 | **B.**    **Dismissal for Failure to State a Claim Under Rule 12(b)(6)**

17 |

18 |      On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

19 | allegations of material fact must be accepted as true and construed in the light most

20 | favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38

21 | (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim

22 | showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

23 | what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly,

24 | 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

25 | complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

26 | allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to

27 | relief requires more than labels and conclusions, and a formulaic recitation of the

28 | elements of a cause of action will not do."

1    Id. (internal citations and quotations omitted).  A court is not required "to accept as true a

2    legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678

3    (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to

4    raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5

5    Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.

6    2004) (stating that the pleading must contain something more than "a statement of facts

7    that merely creates a suspicion [of] a legally cognizable right of action.")).

8            Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

9    assertion, of entitlement to relief."  Id. at 556 n.3 (internal citations and quotations

10   omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

11   a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

12   of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan

13   Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts

14   to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have

15   not nudged their claims across the line from conceivable to plausible, their complaint

16   must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it

17   strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery

18   is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

19   (1974)).

20

21           C.      Leave to Amend

22

23           A court granting a motion to dismiss a complaint must then decide whether to

24   grant leave to amend.  Leave to amend should be "freely given" where there is no

25   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

26   to the opposing party by virtue of allowance of the amendment, [or] futility of the

27   amendment . . . ."

28   ///

1    <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>,

2    316 F.3d 1048, 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to be considered

3    when deciding whether to grant leave to amend).  Not all of these factors merit equal

4    weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the

5    greatest weight."  <u>Eminence Capital</u>, 316 F.3d at 1052 (citing <u>DCD Programs, Ltd. v.</u>

6    <u>Leighton</u>, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is

7    proper only if it is clear that "the complaint could not be saved by any amendment."

8    <u>Intri-Plex Techs. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing <u>In re</u>

9    <u>Daou Sys., Inc.</u>, 411 F.3d 1006, 1013 (9th Cir. 2005); <u>Ascon Props., Inc. v. Mobil Oil Co.</u>,

10    866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment

11    of the complaint . . . constitutes an exercise in futility . . . .")).

12

13    **ANALYSIS**

14

15    **A.      Defendants' Eleventh Amendment Immunity**

16

17         Defendants are presumptively entitled to immunity under the Eleventh

18    Amendment because "[t]he Eleventh Amendment bars suits which seek either damages

19    or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its

20    agencies."  <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 831 (9th Cir. 1995) (quoting <u>Durning v.</u>

21    <u>Citibank, N.A.</u>, 950 F.2d 1419, 1422-23 (9th Cir. 1991)).  Plaintiff attempts to circumvent

22    this clear bar by arguing that the California Legislature waived its immunity when it

23    incorporated the ADA into the Unruh Act and the CDPA.  Opp'n at 6.  However, Plaintiff

24    cites no authority, nor has this Court found any, that supports this argument.  Moreover,

25    any consent to suit must be "unequivocal," and Plaintiff does not explain how mandating

26    that the baseline substantive standards under the Unruh Act and the CDPA comport with

27    the ADA unequivocally demonstrates that the State of California intended to subject itself

28    to all suits brought under those provisions.

1    See Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir. 1986) ("Absent a state's

2    unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a

3    suit against that state, or one of its agencies or departments, based on state law.").

4    Defendants are thus entitled to immunity, and their Motion to Dismiss on this basis is

5    well-taken.

6

7              **B.      Plaintiff's Failure to Comply With the GCA**

8

9         Defendants are also correct that Plaintiff has failed to state a claim under state

10   law because Plaintiff does not allege he complied with the GCA.  Before bringing a suit

11   against a public entity, the GCA requires the timely presentation of a written claim and a

12   rejection in whole or part.  Cal. Gov't Code § 905; Mangold v. California Pub. Utils.

13   Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995) (citing Snipes v. City of Bakersfield,

14   145 Cal. App. 3d 861, 865 (1983)).  A plaintiff must allege facts demonstrating either

15   compliance with the GCA requirement or an excuse for noncompliance as an essential

16   element of the cause of action.  State of California v. Superior Court (Bodde), 32 Cal. 4th

17   1234, 1243–44 (2004).  Failure to allege compliance or an excuse for noncompliance

18   constitutes a failure to state a cause of action and results in a dismissal of such claims.

19   See id.

20        Plaintiff effectively concedes that he did not present Defendants with a claim

21   under the GCA.[3]  He argues, instead, that he was not required to comply with its

22   requirements.  More specifically, Plaintiff contends that "[b]ecause the Unruh Act and

23   CDPA incorporate the same substantive rights and procedures as ADA, and prisoners

24   are only required to satisfy the [Prisoner Litigation Reform Act ("PLRA")] before pursuing

25   an ADA claim, disabled plaintiffs need only exhaust those same PLRA requirements to

26   pursue a state claim based 100% on ADA violations."  Opp'n at 2.

27   _____

28        [3]  Defendant's request that the Court take judicial notice of other claims filed by Plaintiff is thus
     denied as moot.

7

1    According to Plaintiff, federal law thus preempts California's GCA requirements both

2    expressly and by conflict.  Again, however, Plaintiff cites no case law, nor has this court

3    found any, supporting his position.

4

5                    1.        **Express Preemption**

6

7                Express preemption occurs when courts "find language in the federal statute that

8    reveals an explicit congressional intent to pre-empt state law."  <u>Barnett Bank of Marion</u>

9    <u>Cnty., N.A. v. Nelson</u>, 517 U.S. 25, 31 (1996).  Plaintiff bases his express preemption

10   argument on a portion of 42 U.S.C. § 12201(b), which states that "[n]othing in [the ADA]

11   shall be construed to invalidate or limit the remedies, rights, and procedures of any

12   Federal law or law of any State . . . that provides greater or equal protection for the rights

13   of individuals with disabilities than are afforded by [the ADA]."  Plaintiff thus reasons that

14   the ADA was intended to provide a baseline level of protection and that it <u>expressly</u>

15   preempts all state laws that provide lesser protections.  Plaintiff is incorrect.  "The

16   [ADA's] construction clause . . . does not expressly preempt . . . less protective laws; it

17   does not categorically declare that any law providing lesser protection than the ADA is

18   invalid."  <u>Jankey v. Song Koo Lee</u>, 55 Cal. 4th 1038, 1049 (2012).[4]  Plaintiff's claim that

19   the GCA requirements are expressly preempted by the ADA therefore fails.  Given that

20   failure, California's laws may only be invalid to the extent standard conflict preemption

21   principles "require their displacement."  <u>Id.</u>  Plaintiff's conflict preemption argument is

22   now, therefore, addressed as well.

23   ///

24   ///

25   _____

26        [4] <u>See</u> <u>also</u> 56 Fed. Reg. 35694, 35697 ("With respect to State law, a plaintiff may choose to
     pursue claims under a State law that does not confer greater substantive rights, or even confers fewer

27   substantive rights, if the alleged violation is protected under the alternative law and the remedies are
     greater. . . . State tort claims confer greater remedies and are not preempted by the ADA.  A plaintiff may

28   join a State tort claim to a case brought under the ADA.  In such a case, the plaintiff must, of course, prove
     all the elements of the State tort claim in order to prevail under that cause of action.").

1                      **2.      Conflict Preemption**

2

3           Conflict preemption is implied where "compliance with both federal and state

4    regulations is a physical impossibility" or where state law "stands as an obstacle to the

5    accomplishment and execution of the full purposes and objectives of Congress."

6    Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992) (internal citations

7    omitted).  According to Plaintiff, "[u]nder the federal ADA, Hutchinson is only required to

8    exhaust one set of administrative remedies before seeking damages for ADA violations,

9    but under the defendant's interpretation of the state ADA laws, he is apparently required

10   to exhaust two."  Opp'n at 6.  Plaintiff thus concludes that "[b]ecause of that conflict,

11   these state law claims . . . would provide less protection to the disabled than their federal

12   counterparts, subjecting those state laws to conflict preemption."  Id.

13          Again, Plaintiff is incorrect.  In fact, Plaintiff's argument has already been soundly

14   rejected by another court in this district.  See Barker v. Yassine, 2013 WL 1907510, *6

15   (E.D. Cal.).  Plaintiff's contention fares no better here.

16          First, contrary to Plaintiff's assertions, the Unruh Act and the CDPA do not

17   actually provide lesser levels of protection than the ADA.  In fact, courts have made clear

18   that these state laws provide "greater protection compared to the ADA."  Jankey,

19   181 Cal. App. 4th at 1173.  The primary "greater protection" is the ability, under state

20   law, to recover money damages.  See Pickern v. Best Western Timber Cove Lodge

21   Marina Resort, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002).  Accordingly, the express

22   language of the ADA makes clear that these laws are not preempted.  See 42 U.S.C.

23   § 12201(b) ("Nothing in [the ADA] shall be construed to invalidate or limit the remedies,

24   rights, and procedures of any Federal law or law of any State . . . that provides greater or

25   equal protection for the rights of individuals with disabilities than are afforded by [the

26   ADA].") (emphasis added).  Moreover, federal regulations make clear that Plaintiff is

27   required to prove all elements of his state causes of action.

28   ///

1  See 56 Fed. Reg. 35694, 35697 ("State tort claims confer greater remedies and are not

2  preempted by the ADA . . . .   In such a case, the plaintiff must, of course, prove all the

3  elements of the State tort claim in order to prevail under that cause of action.").  Since

4  California's presentment requirements constitute an element of his state causes of

5  action, Plaintiff must plead and prove his compliance therewith.

6        Second, Plaintiff has cited no case law supporting his proposition.  Indeed, even

7  his most analogous case  O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976 (E.D. Cal.

8  2010), is entirely inapposite.  In O'Campo, the court refused to apply CDPA procedural

9  requirements (e.g., as to early evaluation conferences, etc.) to state law causes of action

10  brought in federal court.  Id. at 985.  However, that court's decision turned on the fact

11  that those state rules were procedural in nature.  Id. Therefore, under the so-called Erie

12  doctrine, then, they did not apply in federal court.  Id. (citing Erie R. Co. v. Tompkins,

13  304 U.S. 64 (1938)).  Compliance with the GCA, to the contrary, is substantive, and thus

14  California's claims presentment requirement applies here as well as in state court.

15        In sum, Plaintiff has provided no persuasive authority to convince this Court that

16  he need not comply with California's GCA requirements.  Defendants' Motion to Dismiss

17  is granted with leave to amend.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

10

1

**CONCLUSION**

2

3          Defendants' Motion to Dismiss (ECF No. 10) is GRANTED with leave to amend.

4     If no amended complaint is filed within thirty (30) days of the date this Order is

5     electronically filed, the causes of action dismissed by this Order shall be dismissed with

6     prejudice without further notice to the parties.

7          IT IS SO ORDERED.

8     Dated:  October 8, 2013

9

10

11     _____
       MORRISON C. ENGLAND, JR, CHIEF JUDGE

12     UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28